IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

CHARLES LAVELLE BAUSLEY                                                              PLAINTIFF

v.                                       Civil No. 6:17-CV-06027-SOH-BAB

E.W. BULUTION and WENDY KELLY                                                     DEFENDANTS

**REPORT AND RECOMMENDATION**

  Plaintiff filed this case *pro se* pursuant to 42 U.S.C. § 1983 on February 13, 2017, in the Eastern District of Arkansas. ECF No. 1. The case was transferred to this District on March 14, 2017. ECF No. 2. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

  The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act (PLRA). Pursuant to 28 U.S.C. § 1915A, the Court shall review complaints in civil actions in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

**1. Background**

  Plaintiff is currently incarcerated in the Arkansas Department of Correction ("ADC") Ouachita River Unit. Plaintiff filed his complaint in the Eastern District of Arkansas on February 13, 2017, but failed to submit either an IFP application or the filing fee with his complaint. ECF No. 1. The case was transferred to this District on March 14, 2017. ECF No. 2.

  Plaintiff alleges Defendant Bulution used excessive force against him on December 23, 2016, by bending his arm while he was handcuffed. Plaintiff alleges he was bleeding "on the inside." Defendant Bulution then placed Plaintiff in "lock-up" for an unspecified number of days. Plaintiff

1

wrote to tell Defendant Kelly of the trouble he was having with Defendant Bulution. Plaintiff further alleges Defendant Bulution treats all the inmates "like mess," which the Court interprets to mean he treats them poorly. Plaintiff alleges Defendant Bulution needs to be replaced by a man of God before he kills one of the inmates. ECF No. 1, pp. 3-4.

Plaintiff also alleges a conditions of confinement claim, stating he had to put up with waste material in his cell five lavatory, and he was not permitted to defecate at some unspecified time and place. ECF No. 1, p. 5. Plaintiff also indicates there was an illegal search and seizure, and that the staff at ORCU was rude and unprofessional. ECF No. 1, p. 5.

Plaintiff states he did not present the facts of this case in the state prisoner grievance procedure because he had enough evidence to "go straight to my lawsuit." ECF No. 1, p. 2. Plaintiff does not indicate in what capacity he proceeds against each Defendant. Plaintiff seeks a review of Defendant Bulution's "track record," one million dollars, payment of his medical bills, and to be taken care of for the rest of his life. ECF No. 1, p. 4.

**2. Applicable Law**

Pursuant to the screening provisions of the PLRA, the Court must determine whether the causes of action stated in Plaintiff's Complaint (1) are frivolous or malicious, (2) fail to state claims upon which relief may be granted, or (3) seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915(A). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a defendant, acting under color of state law, deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

### 3. Discussion

As preliminary matter, the Court notes Plaintiff has accumulated more than three PLRA strikes in this District. *See Bausley v. Bender*, No. 2:04-cv-02004-JLH (May 25, 2004 W.D. Ark.), *aff'd* 110 Fed. App'x 736 (8th Cir. 2004); *Bausley v. Bass*, No. 2:03-cv-02239-RTD (May 11, 2004 W.D. Ark.); *Bausley v. Dugan*, No. 2:03-cv-02288-JLH (May 11, 2004 W.D. Ark.), *aff'd* 110 Fed. App'x 736 (8th Cir. 2004); *Bausley v. Hicks*, No. 2:03-cv-02197-RTD (Nov. 14, 2003 W. D. Ark.). Pursuant to 28 U.S.C. § 1915(g) he is therefore barred from proceeding IFP unless he is under imminent danger of serious physical injury. Plaintiff alleges no imminent danger and is thus barred as a frivolous filer from proceeding *in form pauperis* in this case. He may only proceed if he pays the full filing fee. This complaint should be dismissed pursuant to PLRA.

Further, Plaintiff expressly states in his complaint that he did not file a grievance with the ADC concerning the matters in this case, because he had sufficient evidence to "go straight to [his] lawsuit." ECF No. 1, p. 2. The PLRA mandates exhaustion of available administrative remedies before an inmate files suit. Section 1997e(a) of the PLRA provides: "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U. S. C. § 1997e(a). In this case, Plaintiff made the decision to completely sidestep the ADC grievance procedure because he felt he had sufficient evidence to "go straight to" court. Plaintiff therefore failed to exhaust his administrative remedies prior to filing this lawsuit. This complaint should be dismissed for failure to exhaust state remedies.

### 4. Conclusion

For the foregoing reasons, I recommend that Plaintiff's claims be **DISMISSED** without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i-iii) and 1915A(a).

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this 10th day of April 2017.

                                    /s/ Barry A. Bryant_____
                                    HON. BARRY A. BRYANT
                                    UNITED STATES MAGISTRATE JUDGE