IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

CHARLES LAVELLE BAUSLEY                                                                PLAINTIFF

v.                              Civil No. 6:17-CV-06027-SOH-BAB

E.W. BULUTION and WENDY KELLY                                                      DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff has filed a motion to proceed *in forma pauperis* on appeal (ECF No. 9). The case is before me by referral for a determination of whether *in forma pauperis* status should be granted to Plaintiff. For the reasons stated below, it is my recommendation that the Motion for Leave to Appeal *in forma pauperis* (Doc. 9) be denied.

As part of the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321, signed into law on April 26, 1996, section 1915, which governs proceedings filed *in forma pauperis*, was amended in an effort to address concerns about, and reduce the number of frivolous prisoner-initiated lawsuits. 28 U.S.C. § 1915. Prior to the PLRA's amendments to § 1915, a prisoner who attained *in forma pauperis* status was exempted from paying court fees. After the enactment of the PLRA, prisoners granted IFP status are required to pay the filing fee, albeit in installments. 28 U.S.C. § 1915(b).

The PLRA also added subsection 1915(g) which limits the ability of a prisoner, who has filed at least three claims that have been dismissed as frivolous, malicious, or failing to state a claim, to obtain *in forma pauperis* status. Specifically, § 1915(g) provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

-1-

28 U.S.C. § 1915(g). This provision has commonly become known as the "three strikes rule" or the "three strikes provision" and has withstood constitutional challenges. *See e.g., Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999).

As discussed in the report and recommendation (ECF No. 5) filed on April 10, 2017, Plaintiff has accumulated more than three PLRA strikes in this District. *See Bausley v. Bender*, No. 2:04-cv-02004-JLH (May 25, 2004 W.D. Ark.), *aff'd* 110 Fed. App'x 736 (8th Cir. 2004); *Bausley v. Bass*, No. 2:03-cv-02239-RTD (May 11, 2004 W.D. Ark.); *Bausley v. Dugan*, No. 2:03-cv-02288-JLH (May 11, 2004 W.D. Ark.), *aff'd* 110 Fed. App'x 736 (8th Cir. 2004); *Bausley v. Hicks*, No. 2:03-cv-02197-RTD (Nov. 14, 2003 W. D. Ark.). Pursuant to 28 U.S.C. § 1915(g) he is therefore barred from proceeding IFP unless he is under imminent danger of serious physical injury. Plaintiff alleges no imminent danger and is thus barred as a frivolous filer from proceeding *in form pauperis* in this case.

Accordingly, the undersigned recommends that Respondent's Motion for Leave to Appeal *in forma pauperis* (ECF No. 9) be **DENIED**.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 24th day of May 2017.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE